UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 JAN 12 P 4:33

DISTRICT COURT
HARTFORD CT

MARK CROFUT,             :
                         :
        Plaintiff,       :
                         :
vs.                      :
                         :   Civil Action No.: 3:03CV01053(AVC)
UNITED STATES OF AMERICA,:
                         :
        Defendant.       :   JANUARY 12, 2004

## FORM 26(f). REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:       June 12, 2003

Date Complaint Served:      June 13, 2003

Date of Defendant's Appearance:    September 24, 2003

Pursuant to Fed. R. Civ P. 16(b), 26 (f) and D. Conn. L. Civ. R. 16, a conference was held on January 12, 2004.

The participants were:      John Pirina for the plaintiff Mark Crofut
                            Brenda M. Green, Asst. U.S. Attorney, for the defendant the
                            United States of America

I.      **Certification**
        Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibility for achieving a prompt settlement or other resolution of the case and, in consultation with their respective clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.     **Jurisdiction.**
        A.      *Subject Matter Jurisdiction*
        This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., and this Court has jurisdiction under the provisions of 28 U.S.C. § 1346(b).

B.       *Personal Jurisdiction.*
Personal Jurisdiction is not contested.

**III.**     **Brief Description of Case.**
[Briefly summarize the claims and defenses of all parties and describe the relief sought. If agreement cannot be reached on a joint statement, each party must provide a short separate statement. The requirement that the parties briefly summarize their claims and defense is not intended to be unduly burdensome. The parties are obliged to discuss and consider the nature of their claims and defenses at the planning conference in order to formulate a meaningful case management plan. Moreover, the presiding judge needs to be informed of the nature of the claims and defenses in order to evaluate the reasonableness of the parties' proposed plan. The statement of the parties' claims and defenses, whether set forth jointly or separately, does not preclude any party from raising new claims and defenses as permitted by other applicable law.

A.       *Claims of Plaintiff:*
This action arises from an automobile accident that occurred on June 23, 2000, in the City of Torrington, Connecticut. The plaintiff Mark Crofut was a passenger in a car driven by one Weston Nash (the "Nash vehicle") and traveling east on East Main Street, which car had stopped in order to make a left turn onto Wall Street.

At that time and place, Robert J. Cassotto, who was an employee of the United States Government and was acting within the course and scope of that employment, was operating a U.S. Postal Service mail truck also in an easterly direction on East Main Street and directly behind the Nash vehicle. Mr. Cassotto drove his mail truck into and collided with the rear of the Nash vehicle, causing the plaintiff to sustain and suffer bodily injuries.

As a direct and proximate result of Mr. Cassotto's negligent driving, the plaintiff was thrown about within the Nash vehicle and sustained bodily injuries. He suffered hyperflexion, hyperextension injuries in all parameters of his cervical, thoracic, and lumbar spine, and sustained a cervical spine disc herniation at the C5-6 and C6-7 levels, requiring spine surgery with bone graft and placement of an interbody cage with cervical plate. He suffered a severe aggravation of his pre-existing, degenerative cervical spine disease. He suffered headaches and pain in his neck, mid-back and lower back, with pain and numbness radiating to his arms.

Plaintiff demands judgment against defendant United States of America as follows:
1.       The sum of $ 1,000,000.00 for plaintiff Mark Crofut for past and future medical expenses, for permanent injury, and for past and future pain and suffering.
2.       Attorneys' fees, as provided by law.
3.       Costs in this action, as provided by law.
4.       Such other relief as the Court may deem proper.

01/12/2004 16:07 FAX 82035795575    USAO BRIDGEPORT                                              ☒003
01/12/04 MON 15:34 FAX 8605275858       Law Offices                                              ☒004
Case 3:03-cv-01053-AVC    Document 7    Filed 01/12/2004    Page 3 of 6

   B.   *Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant/s:*

Affirmative Defenses:

1. United States of America is the only proper defendant in this action pursuant to 28 U.S.C. § 2679(a) and (b)(1).
2. Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.
3. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of the $41,579.36 Plaintiff set forth in the administrative claim he presented to the United States Postal Service.
4. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States Postal Service.
5. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.
6. Plaintiff's Complaint Fails to State a claim or any claim upon which relief can be granted by the defendant.
7. Plaintiff's injuries, damages and loses, if any, were not proximately cause by the accident with the postal service vehicle.

   C.   *Defenses and Claims of Third Party Defendant/s:* Not applicable.


IV.   **Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. On June 23, 2000, plaintiff Mark Crofut was a passenger in a car driven by one Weston Nash (hereinafter sometimes called the "Nash vehicle") and traveling east on East Main Street, Torrington, Connecticut.
2. On said date and at said approximate time and place, Robert J. Cassotto, who, at that time, was an employee of the United States Government and was acting within the course and scope of that employment, was operating a U.S. Postal Service mail truck also in an easterly direction on said East Main Street and directly behind the Nash vehicle.
3. Defendant admits that the front of the Postal Service vehicle driven by Robert J. Cassotto collided with the rear of the Nash vehicle.
4. Defendant admits that Plaintiff presented a valid claim for $41,579.36 on December 26, 2001, which the Postal Service denied on April 4, 2003.

- 3 -

V.  **Case Management Plan:**

    A.  *Standing Order on Scheduling in Civil Cases.*
The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:
    That all discovery be completed by June 30, 2005

    B.  *Scheduling Conference with the Court.*
The parties do not request a pretrial conference with the court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.  *Early Settlement Conference.*

    1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2.  The parties request an early settlement conference.

    3.  The parties prefer a settlement conference with a magistrate judge.

    4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    E.  *Joinder of Parties and Amendment of Pleadings.*

    1.  Plaintiff should be allowed until __March 1, 2004__, to file motions to join additional parties and until __April 1, 2004__, to file motions to amend the pleadings.

    2.  Defendant should be allowed until __April 1 , 2004__, to file motions to join additional parties and until __May 1 , 2004__, to file a response to the complaint.

    F.  *Discovery.*

    1.  The parties anticipate that discovery will be needed on the following subjects:
        a. Medical treatment, reports and bills.
        b. Cause of the vehicular accident.
        c. Plaintiff's damages.

    2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by __February 1 , 2004__, and completed (not propounded) by until __November 1 , 2004__.

3. Discovery will not be conducted in phases.

4. Discovery will be completed by __November 1__, 2004.

5. The parties anticipate that the plaintiff will require a total of __five (5)__ depositions of fact witnesses and that the defendant will require a total of __ten (10)__ depositions of fact witnesses. The depositions will commence by __April 1__, 2004, and be completed by __November 1__, 2004.

6. The parties will not request permission to serve more than 25 interrogatories.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by __June 1, 2004__, 2004 [a date not later than 3 months before the deadline for completing all discovery]. Depositions of any such experts will be completed by __September 1__, 2004 [a date not later than 2 months before the deadline for completing all discovery].

8. Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by __August 1__, 2004 [a date not later than 1 month before the deadline for completing all discovery]. Depositions of such experts will be completed by __October 1__, 2004 [a date not later than the discovery cutoff date].

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages by __April 1__, 2004.

G. *Dispositive Motions:*
Dispositive motions will be filed on or before __November 1__, 2004.

H. *Joint Trial Memorandum:*
The joint trial memorandum required by Standing Order on Trial Memorandum in Civil Cases will be filed by __December 1__, 2004.

## VI.    TRIAL READINESS

The case will be ready for trial by __January 1__, 2005.

-5-

As officers of the Court, undersigned counsel agree to cooperate with each other and the court to promote the just, speedy and inexpensive determination of this action.

Plaintiff, MARK CROFUT

By _____    Date: January 12, 2004
John Pirina (ct 10943)
Law Offices of Arnaldo J. Sierra, LLC
215 Washington Street
Hartford, CT 06106
Phone (860) 527-2345
Fax (860) 527-8888


Defendant, UNITED STATES OF AMERICA

By _____    Date: January 12, 2004
Brenda M. Green
Assistant U.S. Attorney
Office of U.S. Attorney
District of Connecticut
915 Lafayette Boulevard
Room 309
Bridgeport, CT 06604
Phone (203) 696-3017
Fax (203) 579-5575

- 6 -